946 So.2d 1287 (2007)
M.M., the mother, Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES, Appellee.
No. 4D06-1758.
District Court of Appeal of Florida, Fourth District.
January 31, 2007.
Roger Ally of Law Offices of Roger Ally, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.
STONE, J.
M.M. (Mother) appeals an adjudication of dependency entered as to her child M.M. The issue on appeal is whether the adjudication is supported by the record. We reverse.
The petition for dependency alleged that "mother is not willing and/or able to protect the minor child and ensure the safety and well being of the minor child" because Mother failed to follow through with a restraining order against the father after the father had engaged in two incidents of domestic violence against Mother.
The petition further alleged Mother knew or should have known the father did not take prescribed medication for his bipolar disorder, and without his medication, he displayed erratic behavior, placing the child in imminent harm. It was also alleged that Mother made no provisions to prevent the father from having unsupervised contact with M.M.
Mother testified that she became aware that the father had mental health problems at the time of their separation; although she said the father had recently been diagnosed with bipolar disorder, she also said "it was a possibility, it wasn't a concrete thing." There was no other evidence concerning *1289 the father's possible mental disorder.
Mother testified that the father had been arrested on two separate occasions as a result of engaging in domestic violence against Mother. In the first domestic violence incident, the parents were fighting over terms of a then impending divorce. During the argument, the father held Mother in the garage to prevent her from calling the police. At the time, M.M. was not present but was in the house. Mother was ultimately able to run away from the father and call the police. The father was arrested, but Mother refused to testify at trial.
There was also an incident where the father broke into Mother's home when the child was not present and claimed that he just wanted to talk. Being afraid to remain in the house with him, Mother left and he contacted her by phone. Mother testified that he was drunk and she felt that her life and the child's life were threatened. She called police and told them that the father was inside the house without permission. The police had to remove him from the house. After the latest incident, Mother obtained a temporary restraining order, which was extended for thirty days, but she failed to appear at a hearing to further extend the order.
Since the incident in the garage, Mother has prohibited the father from having contact with M.M., and he has voluntarily complied. She also advised school officials that the father was not to have any contact with M.M.
Jennifer Richards, a department community-based provider, testified that although Mother was referred to individual therapy, she was not aware of any action Mother had taken with regard to the referrals.
Solely on Mother's and Richards' testimony, the trial court found the child dependent pursuant to sections 39.01(30) and 39.01(45), Florida Statutes (2005), based upon (1) the domestic violence incident in the garage; (2) the fact that Mother failed to appear for trial in that case; (3) the incident involving his breaking into the house where Mother admitted she felt that both her and M.M.'s lives were threatened; (4) Mother's failure to appear the next time the temporary injunction proceeding was scheduled, and the fact that Mother had failed to further seek a restraining order to protect the child, choosing to rely solely on her decision not to allow visitation. Although Mother enrolled M.M. in a divorce counseling program at the school, she did not claim that she has personally attended any individual therapy. The trial court concluded that Mother's refusal to take further action placed M.M. at risk of harm.
Under the facts of this case, the child may be found to be dependent if, under section 39.01(14), Florida Statutes, the child is found by the court: "(a) To have been abandoned, abused, or neglected by the child's parent or parents or legal custodians . . ." or "(f) To be at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents or legal custodians." "`Harm' to a child's health or welfare can occur when any person: (a) Inflicts or allows to be inflicted upon the child physical, mental, or emotional injury." § 39.01(30), Fla. Stat.
Dependency is a mixed question of law and fact and will be upheld "if the court applied the correct law and its ruling is supported by competent substantial evidence in the record." R.S. v. Dep't of Children & Families, 881 So.2d 1130, 1132 (Fla. 4th DCA 2004) (citation omitted).
A close reading of the final judgment reflects that the dependency case is *1290 based solely on the factor of domestic acts involving violence, or the threat of violence, committed outside of the presence of the child. The undisputed testimony is that Mother successfully prevented the father from having any contact with M.M. subsequent to the two incidents. There is no other evidence claimed to support the conclusion that Mother's failure to extend the restraining order constitutes imminent harm to M.M.
The department acknowledges that the findings in the order, taken alone, are not sufficient to sustain the adjudication. However, the department urges that there was competent substantial evidence to sustain a finding of dependency on the ground that Mother failed to protect the minor child from the father's mental health issues, including threats which placed the minor child at a substantial risk of imminent harm. We reject the department's invitation to treat the order as "right for the wrong reason." Moreover, Mother's scant, equivocal testimony as to the father's mental health issues is not sufficient to sustain an adjudication on that ground.
Therefore, as we conclude that the record is not sufficient to support an adjudication of dependency under sections 39.01(30) and 39.01(45), we reverse and remand the order adjudicating M.M. dependent.
TAYLOR, J. and COLBATH, JEFFREY, Associate Judge, concur.